[756 NYS2d 231]

In the Matter of MAUREEN MCNAMARA (Admitted as MAUREEN MARGARET MCNAMARA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 3, 2003

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*Maureen McNamara*, New City, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Ninth Judicial District (hereinafter the petitioner) served the respondent with a peti-

tion containing three charges of professional misconduct. Charges One and Two were subsequently amended, and Charge Three was withdrawn. The respondent submitted an answer to the petition in which she denied in part the factual allegations contained therein, denied knowledge or information sufficient to form a belief regarding other allegations, and referred to the documentary evidence regarding the remaining allegations. She did not submit an answer to the amended charges, but stipulated to many of the factual allegations, as amended. After a hearing, the Special Referee sustained both charges. The petitioner now moves to confirm the report of the Special Referee. The respondent opposes the motion.

Charge One, as amended, alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

The respondent was retained to represent Earle A. Bellows and two others in one or more matters in Putnam County. Mr. Bellows filed a complaint with the Grievance Committee, dated May 29, 2001, in which he alleged, in essence, that the respondent neglected the legal matter, failed to keep the clients apprised of its status, and failed to respond to his telephone calls and letters. A copy of the Bellows complaint was mailed to the respondent on June 7, 2001. The cover letter directed her to submit a written answer within 10 days of receipt thereof and advised her that an unexcused failure to submit a timely answer constituted professional misconduct independent of the merits of the underlying allegations and would be treated accordingly by the petitioner. The respondent failed to submit an answer.

On June 28, 2001, a second copy of the complaint was sent to both the respondent's office address and post office box by first class mail and by certified mail, return receipt requested. The cover letters advised the respondent that her failure to submit a written answer within 10 days of receipt thereof might cause the petitioner to move for her immediate suspension from the practice of law. A return receipt reflects that someone at the respondent's office signed for delivery of the certified letter on June 29, 2001. A second return receipt reflects that the respondent personally accepted delivery of the certified letter sent to

her post office box on or before July 12, 2001. The respondent did not contact the petitioner to request an adjournment of the return date, nor did she submit a written answer to the Bellows complaint within 10 days of her receipt thereof.

On August 6, 2001, the petitioner received the respondent's untimely and very brief answer to the Bellows complaint. It did not adequately address the allegations contained therein.

In the interim, on July 25, 2001, Mr. Bellows sent a supplemental complaint to the petitioner alleging that the respondent failed to appear in the Supreme Court, Putnam County, on July 5, 2000, which caused the assigned Judge to remove the case from the calendar. By certified letter dated September 5, 2001, the respondent was sent a copy of Mr. Bellows' supplemental complaint and was asked to submit an answer thereto in the form of an affirmation. The return receipt reflects that the respondent signed for delivery of the letter on or before September 10, 2001. She failed to submit a timely answer.

The respondent telephoned the petitioner on Friday, September 21, 2001, and left a message for its counsel that she had two answers outstanding, including the answer to the Bellows complaint, which was due on September 20, 2001. She requested an extension until September 28, 2001, to submit the answers. The petitioner's counsel returned the respondent's telephone call on Monday, September 24, 2001, and left messages on her cell phone and office telephone. The respondent telephoned the petitioner's counsel on Tuesday, September 25, 2001. She stated that her answer was drafted, but needed to be typed. However, her typist was not available because the typist's sister was missing in the September 11, 2001, attack on the World Trade Center. The respondent was advised to submit her drafted answer in handwritten form or find a different typist and submit the answer forthwith since it was already overdue. The respondent's answer was not received until October 30, 2001, when it was hand-delivered to the petitioner's office 35 days after her telephone call to the petitioner's counsel and 20 days after the respondent was served with a copy of the petitioner's motion for authorization to institute and prosecute a disciplinary proceeding against her, among other things.

Charge Two, as amended, alleges that the respondent engaged in conduct adversely reflecting on her fitness as a lawyer by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]):

The respondent was retained to represent David Schasser in connection with his purchase of property. The closing occurred on or about September 11, 2000. Daniel Miller, Esq., who represented the seller at the closing, filed a grievance against the respondent, dated March 20, 2001, in which he alleged, inter alia:

"I have been attempting since September 11, 2000, to pick up a Note that was signed by the Purchaser and held by the Purchaser's attorney, Maureen McNamara, who was supposed to have sent me the original Note for a balloon payment under the closing terms in the amount of $35,000.00. I have called; I have written. It has been promised that it would be delivered to me. I have not received it despite all these efforts since September 11, 2000. I have no recourse but to ask for your intervention * * * Ms. McNamara has not responded to our messages or letters."

A copy of Mr. Miller's grievance was sent to the respondent on March 27, 2001. The cover letter directed her to submit a written answer within 10 days of receipt thereof and advised her that an unexcused failure to submit a timely answer constituted professional misconduct independent of the merits of the underlying allegations and would be treated accordingly by the Committee. The respondent failed to submit an answer.

A second copy of the complaint was sent to the respondent by certified mail, return receipt requested, on April 18, 2001. The cover letter advised the respondent that her failure to answer within 10 days of receipt thereof might cause the petitioner to move for her immediate suspension from the practice of law. Someone at the respondent's office signed for delivery of the certified letter on April 19, 2001. Again, the respondent failed to submit an answer.

On May 2, 2001, the petitioner sought a subpoena from the Appellate Division for the respondent's appearance on May 22, 2001, and a subpoena duces tecum for the production of her complete file in the underlying matter.

On May 9, 2001, the respondent telephoned the petitioner's offices and belatedly requested a one-week extension of time to submit an answer because the letter dated April 18, 2001, had been misplaced. The petitioner's staff granted an extension until May 16, 2001.

On May 10, 2001, the petitioner's investigator, Patrick Smith, left a telephone message for the respondent stating

that he wanted to arrange for service of the aforementioned subpoenas, which had been ordered by the Court. On May 11, 2001, Mr. Smith had a telephone conversation with the respondent regarding service of the subpoenas. She asked to be served by facsimile because she was preparing to leave town for a few days. The petitioner's counsel then spoke with the respondent, who stated that she agreed to accept service of the subpoenas by facsimile and to acknowledge service by signing the subpoenas and faxing copies thereof to the petitioner's office immediately upon receiving them. Copies of the subpoenas were faxed to the respondent on May 11, 2001. She failed to acknowledge service by return facsimile, as promised. Consequently, Mr. Smith contacted the respondent to arrange for personal service of the subpoenas, which was accomplished on May 15, 2001.

The respondent's untimely answer to the Miller complaint, dated May 16, 2001, was received by the petitioner on May 18, 2001. It was very brief and did not adequately address the allegations contained in the complaint.

On May 21, 2001, the petitioner's counsel telephoned the respondent and advised her that her subpoenaed appearance to give testimony regarding the Miller complaint was adjourned pending review of the subpoenaed file, which was to be delivered to the petitioner's offices on May 22, 2001. At that time, the respondent gave a detailed verbal statement regarding what had occurred in the underlying matter and agreed to submit a supplemental written answer, which she subsequently faxed to the petitioner on May 24, 2001.

By certified letter dated September 5, 2001, the respondent was asked to provide the petitioner with additional information in the form of an affirmation or affidavit on or before September 17, 2001. The return receipt reflects that the respondent signed for delivery of the letter on or before September 10, 2001. The respondent failed to submit a timely answer.

The respondent telephoned the petitioner on Friday, September 21, 2001, and left a message for the petitioner's counsel stating that she had two answers outstanding, including the answer to the Miller complaint, which was due on September 17, 2001. She requested an extension until September 28, 2001, to submit the answers. The petitioner's counsel returned the respondent's telephone call on Monday, September 24, 2001, and left messages on the respondent's cell phone and office telephone. The respondent telephoned the petitioner's counsel on Tuesday, September 25, 2001. She stated that her answer

was drafted, but needed to be typed. However, her typist was not available because the typist's sister was missing in the September 11, 2001, attack on the World Trade Center. The respondent was advised to submit her drafted answer in handwritten form or find a different typist and submit the answer forthwith since it was already overdue.

On October 10, 2001, not having received any answer or any further communication from the respondent, the petitioner filed an order to show cause with a supporting affirmation and petition of charges seeking, inter alia, authorization to institute and prosecute a disciplinary proceeding against the respondent. The order to show cause and supporting documents were served on the respondent on October 10, 2001, and the motion was returnable on October 26, 2001. On October 25, 2001, the respondent sought and was granted an adjournment until November 2, 2001, with answering papers to be received by the petitioner on or before October 29, 2001. The respondent's supplemental affirmation in the Miller matter was not received until October 30, 2001, when it was hand-delivered to the petitioner's office along with her answering papers to the petitioner's motion.

Based on the evidence adduced at the hearing, Charges One and Two were properly sustained by the Special Referee.

In opposition to the petitioner's motion to confirm the report of the Special Referee, the respondent continues to maintain that she is not guilty of conduct adversely reflecting on her fitness to practice law by failing to cooperate with the petitioner.

The respondent's prior disciplinary history consists of two letters of admonition for failing to cooperate with the petitioner, among other things.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FEUERSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Maureen McNamara, is suspended from the practice of law for a period of one year, commencing March 5, 2003, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period she (a) refrained from practicing or attempting to practice law, (b) has fully complied with

this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Maureen McNamara, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.