Matter of McNamara (2018 NY Slip Op 01313)





Matter of McNamara


2018 NY Slip Op 01313


Decided on February 28, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
ROBERT J. MILLER, JJ.


2017-04706

[*1]In the Matter of Maureen M. McNamara, admitted as Maureen Margaret McNamara, a suspended attorney. Grievance Committee for the Ninth Judicial District, petitioner; Maureen M. McNamara, respondent. (Attorney Registration No. 1259241)



DISCIPLINARY PROCEEDING instituted pursuant to 22 NYCRR 1240.8 by the Grievance Committee for the Ninth Judicial District. By decision and order on motion of this Court dated October 19, 2017, the respondent was immediately suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(3), and the matter was referred to the Hon. Alfred J. Weiner, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 5, 1979, under the name Maureen Margaret McNamara. In a prior disciplinary proceeding under Appellate Division Docket No. 2001-08741, the respondent was suspended from the practice of law for a period of one year by opinion and order dated February 3, 2003 (see Matter of McNamara , 303 AD2d 129). The respondent was reinstated as an attorney and counselor-at-law by decision and order on motion of this Court dated June 8, 2007.



Gary L. Casella, White Plains, NY (Faith Lorenzo of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 12, 2017, the Grievance Committee for the Ninth Judicial District personally served the respondent with a notice of petition and verified petition dated May 2, 2017, and duly filed those papers with this Court together with an affidavit of service. The verified petition contains nine charges, alleging, inter alia, that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with the Grievance Committee's investigation of a complaint filed by Michael Diederich, Jr., Esq., and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by testifying falsely at an examination under oath conducted by the Grievance Committee and, in connection with her motion for reinstatement under Appellate Division Docket No. 2001-08741, by failing to disclose in her reinstatement affidavit dated April 14, 2004, a debt stemming from a $10,000 loan given to her by a client. The notice of petition directed the respondent to serve and file her answer to the verified petition within 20 days after service upon her of the verified petition. To date, the respondent has neither served or filed an answer to the verified petition, as directed, nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established and to impose such discipline upon her as this Court deems appropriate based upon her default. Although the motion papers were served upon the respondent on October 4, 2017, she has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, J.P., RIVERA, DILLON, BALKIN and MILLER, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Maureen M. McNamara, admitted as Maureen Margaret McNamara, a suspended attorney, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Maureen M. McNamara, admitted as Maureen Margaret McNamara, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Maureen M. McNamara, admitted as Maureen Margaret McNamara, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Maureen M. McNamara, admitted as Maureen Margaret McNamara, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court